UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---

SAGE EL, Moor/Xaymaca America's
Original National,

        Plaintiff – In Error,

-against-

JOHN DOE #1, Brooklyn South Warrant
Squad, 78th Precinct;

JOHN DOE #2, Brooklyn South Warrant
Squad, 78th Precinct;

JOHN DOE #3, Brooklyn South Warrant
Squad, 78th Precinct;

JOHN DOE #4, Brooklyn South Warrant
Squad, 78th Precinct;

JOHN DOE #5, Brooklyn South Warrant
Squad, 78th Precinct;

JOHN DOE #6, Brooklyn South Warrant
Squad, 78th Precinct;

GUERRERO, New York City
Department Of Corrections Agent,
ID# 6059;

HOLDER, New York City Department
Of Corrections Captain;

JORDAN, New York City Department
Of Corrections Agent, ID# 4361;

PITTS, New York City Department of
Corrections Captain, ID# 513;

AMENDED COMPLAINT

Civil Action # 18-CV-2398
(ENV)(SJB)

JURY TRIAL DEMANDED



RECEIVED
JUL 02 2019
PRO SE OFFICE

JOHN DOE #7, New York City
Department of Corrections Agent,
Brooklyn Detention Complex;

JOHN DOE # 8, New York City
Department of Corrections Agent,
Brooklyn Detention Complex;

JOHN DOE #9, New York City
Department of Corrections Agent,
Brooklyn Detention Complex;

JOHN DOE # 10, New York City
Department of Corrections Agent,
Brooklyn Detention Complex;

NELMS, New York City Department of
Corrections Agent, ID# 9751;

DANIEL ALESSANDRINO, Chief
Clerk, Kings County Supreme Court,
Criminal Term,

RICHIE, Kings County Supreme Court,
Criminal Term, Agent, ID# 4765;

FRANK DUDIS, Kings County Assistant
District Attorney, ID# ;

DANNY K. CHUN, Kings County
Supreme Court, Criminal Term,
Qusi-Judicial Officer Attorney,
Reg. # 2221513;

BROWN, Brooklyn Detention Complex
Grievance Supervisor/Counselor;

In Their Individual Capacity,

       Defendants,
_____


This Complaint is amended pursuant to F.R.Civ.P. Rule 15(a) (2)

# I. COMPLAINT

Plaintiff, Sage El d/b/a Winston Hall, **SUI JURIS**, for his complaint states as follows:

# II. JURISDICTION AND VENUE

This action arises under and is brought pursuant to 42 U.S.C. §1983 to remedy the deprivation, under color of law, for my inalienable protected rights guaranteed by Article 1, Section 9, Clause 2, 3 and 8 ; Article 1, Section 10, Clause 1 and 3; Article 4, Section 1 and Section 2, Clause 1 and 2; Amendment 1 through 9, including Amendment 13; Amendment 14, Section 1; Amendment 15; Amendment 19; Amendment 26; Anti Trust And Trade Regulation, 15 U,S.C.A., Section 1; 50 U.S.C.A., Section 4310; 26 U.S.C.A., Section 31; 15 U.S.C.A., Section 3; 8 U.S.C.A., Section 351 and 359; to the Several States and the United States of America Constitution. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a) (1), (2), (3), and (4). Universal Declaration of Human Rights, Article 1; Article 2; Article 3; Article 4; Article 5; Article 7; Article 8; Article 9; Article 12; Article 13, Section 2; Article 15, Section 1 and 2, and House Joint Resolution Section 75 (1933).

Venue properly lies in this District pursuant to 28 U.S.C. §1391(b)(1) and (2) because the events given rise to this cause of action occurred at/on Clarendon Avenue which is in Kings County, New York as well as the Brooklyn Detention Complex, 275 Atlantic Avenue, Brooklyn, New York 11201.

# III. PARTIES

1.  Special appearance by Petitioner in error, Sage El, d/b/a WINSTON G. HALL ESTATE, Moor/Xaymaca America's Original National is and was, at all times relevant hereto, a living man and awair in the custody of the New York State Department of Corrections and

Community Supervision (hereinafter "DOCCS") and is currently incarcerated at the Fishkill Correctional Facility, Beacon, New York, Dutchess County.

2. Defendant, John Doe # 1 is and was, at all times relevant hereto, an agent for the New York City, Brooklyn South Warrant Squad, 78th Precinct.

3. Defendant, John Doe # 2 is and was, at all times relevant hereto, an agent for the New York City, Brooklyn South Warrant Squad, 78th Precinct.

4. Defendant John Doe # 3 is and was, at all times relevant hereto, an agent for the New York City, Brooklyn South Warrant Squad, 78th Precinct.

5. Defendant John Doe # 4 is and was, at all times relevant hereto, an agent for the New York City, Brooklyn South Warrant Squad, 78th Precinct.

6. Defendant John Doe # 5 is and was, at all times relevant hereto, an agent for the New York City, Brooklyn South Warrant Squad, 78th Precinct.

7. Defendant John Doe # 6 is and was, at all times relevant hereto, an agent for the New York City, Brooklyn South Warrant Squad, 78th Precinct.

8. Defendant Guerrero is and was, at all times relevant hereto, a New York City Department of Corrections Agent working at the Brooklyn Detention Complex.

9. Defendant Jordan is and was, at all times relevant hereto, a New York City Department of Corrections Agent working at the Brooklyn Detention Complex..

10. Defendant Nelms is and was, at all times relevant hereto, a New York City Department of Corrections Agent working at the Brooklyn Detention Complex.

11. Defendant Daniel Alessandrino is and was, at all times relevant hereto, Chief Clerk of the Criminal Term, Kings County Supreme Court.

12. Defendant Holder is and was, at all times relevant hereto, a Captain in the New York City Department of Corrections as an agent working at the Brooklyn Detention Complex.

13. Defendant Pitts is and was, at all times relevant hereto, a Captain in the New York City Department of Corrections as an agent working at the Brooklyn Detention Complex.

14. Defendant John Doe # 7 is and was, at all times relevant hereto, a New York City Department of Corrections Agent working at the Brooklyn Detention Complex.

15. Defendant John Doe # 8 is and was, at all times relevant hereto, a New York City Department of Corrections Agent working at the Brooklyn Detention Complex.

16. Defendant John Doe # 9 is and was, at all times relevant hereto, a New York City Department of Corrections Agent working at the Brooklyn Detention Complex.

17. Defendant John Doe # 10 is and was, at all times relevant hereto, a New York City Department of Corrections Agent working at the Brooklyn Detention Complex.

18. Defendant Brown is and was, at all times relevant hereto, a Grievance Supervisor and Counselor at the Brooklyn Detention Complex.

19. Defendant Frank Dudis (reg. # 3936127) is and was, at all times relevant hereto, an Assistant District Attorney for Kings County.

20. Defendant Richie is and was, at all times relevant hereto, a Kings County Supreme Court Agent.

21. Defendant Danny K. Chun (reg. # 2221513) is and was, at all times relevant hereto, an attorney in Kings County – acting as a quasi-judicial officer.

## IV. EXHAUSTION OF ADMINISTATIVE REMEDIES

**22.** For the Claim(s) against Defendants John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, Guerrero, Richie, Chun, Dudis, Plaintiff filed several grievances to the facility grievance department which brought on an appearance by a prison administrator, Defendant Brown, who showed-up at Plaintiff's cell and introduced himself as the Facility Grievance Supervisor/Counselor and made clear to Plaintiff that his grievances were denied and that he better not try to file another one. When Plaintiff asked what was the procedure to appeal said grievances, Brown to Plaintiff to "fuck-off", thwarting this Plaintiff from taking advantage of the facility grievance process through machination, misrepresentation, and/or intimidation, and such interference with this Plaintiff's pursuit of relief had/has rendered the administrative process functionally unavailable to him.

**23.** As for the Claim(s) against Defendant's Holder, Jordan, Pitts, Nelms, Alessandrino, Brown and Baker, the grievances Plaintiff filed against them at the Brooklyn Detention Complex were never heard from again, which would be in line with what was previously said to Plaintiff earlier by Defendant Brown.

## V. STATEMENT OF CLAIM

**24.** At all relevant times herein, Defendants were "persons" for the purpose of 42 U.S.C. Section 1983 and acted under color of law and with sufficient culpable states of mind to deprive Plaintiff of his Constitutional rights, as set forth more fully below.

6

## VI. STATEMENT OF FACTS

**25.** On March 27, 2018, at approximately 10 pm, Sage El, d/b/a/ WINSTON G. HALL ESTATE (hereinafter "Plaintiff" in error), was sitting in the front seat of Julie Johnson's automobile while parked at the curb-side, and was texting on his telephone when, he looked up to find, John Doe (hereinafter "JD #1") pointing a gun at his face – and yelled "Kevin Anderson, get out of the car.".

**26.** On March 27, 2018, at approximately 10 pm, after JD # 1 pointed his gun in the Plaintiff's face and told him ("Kevin Anderson") to get out of the car, John Doe (hereinafter "JD # 2") attempted to pull open the driver's side front and back doors by pull on the door handles, not realizing that the doors were locked, proceeded to punch the driver's side window and yelled "Kevin Anderson, open the door".

**27.** On March 27, 2018, at approximately 10 pm, after JD # 1 pointed his gun in the Plaintiff's face and told him ("Kevin Anderson") to get out of the car, and JD # 2 attempted to pull open the driver's side front and back doors, Plaintiff herd and saw John Doe (hereinafter "JD # 3") pulling on the passenger side front and back doors (which were also locked) and was yelling "get out, get out of the vehicle".

**28.** Upon command, Plaintiff opened the driver's side door and attempted to step out of the vehicle when, JD # 2 grabbed him by his left arm and punched him in his chest while JD # 3 came around the vehicle and kicked him in his right knee several times which dropped him to the ground, face down, where JD # 3 put his knee in Plaintiff's back of neck and JD # 2 put his knee in the Plaintiff's back, then JD # 3 placed the Plaintiff in hand-cuffs – cutting off the Plaintiff's circulation in his hands.

7

**29.** On March 27, 2018, at approximately 10 pm, during and after the above-mentioned mauling, John Doe (hereinafter "JD # 4") failed to stop his cohorts from physically abusing the Plaintiff during such arrest.

**30.** On March 27, 2018, at approximately 10 pm, during and after the above-mentioned mauling, John Doe (hereinafter "JD # 5"), JD # 1 and John Doe (hereinafter "JD # 6") unlawfully searched the vehicle without this Plaintiff's consent, and thereafter placed Plaintiff in an undercover van and took him to the 67th Precinct.

**31.** On March 27, 2018, at approximately 11 pm, while at the 67th Precinct, Plaintiff in error was searched by JD #1 who, claimed to have a ["**_warrant_**"] for WINSTON HALL and two others, and asked if he was Kevin Anderson, Plaintiff responded "no", then was whisked-off to 78th Precinct where, Plaintiff was searched again and asked, once again, if he was Kevin Anderson, where Plaintiff responded – once again, "no". Without fingerprinting or any photographs being taken, Plaintiff was whisked-off now to the Brooklyn Detention Complex where Defendant Guerrero (hereinafter "Guerrero") photographed but did not fingerprint the Plaintiff, then placed him into the intake cell for two days before being taken into the court.

**32.** On March 29, 2018, at approximately 9 am, Plaintiff in error, was downstairs from the Kings County Courtroom in a holding cell awaiting to be brought upstairs to said Courtroom for a hearing when, Defendant Richie (hereinafter "Richie") came and took physical custody of Plaintiff for the purpose of bring him up to the Courtroom – where on the way up in the elevator, Richie squeezed the handcuff as tight as they could go, pushed his face into the wall with great force, and refused to remove the handcuffs when in the courtroom so as to take **SUI JURIS** notes of the instructions from Defendant Chun.

33. On March 29, 2018, at approximately 9 am, Plaintiff in error, was taken before Defendant, Attorney Danny K. Chun [reg. # 2221513] (hereinafter "Chun"), who was acting as a qusi-judicial officer of Kings County, and Defendant Frank Dudis (hereinafter "Dudis") Assistant District Attorney for the Kings County District Attorney's Office (who's appearance was in all of Plaintiff's court appearances' as a corporate plaintiff) where Plaintiff made a special appearance as party of interest to HALL, WINSTON ESTATE, was refused his right to jurisdiction of counsel to determine dispute from his Native American Tribal Counsel (the Empire Washitaw Nation of Moors/the Bianay Tribe), Chun took the function and appearance of an advocate on the behalf of the PEOPLE (corporate plaintiff) by interjects often and indulges in extended questioning of Plaintiff, bolstering Plaintiff's credibility intentionally ignoring the principal restraining the Court's discretion to protect the record "not to make it". His participation presents significant prejudice that denies Plaintiff a fair and impartial hearing, remanding and holding over for a Criminal Procedure Law § 730 evaluation, given another court date to return, and returned back to the Brooklyn Detention Complex.

34. On April ___, 2018, while at the Brooklyn Detention Complex, Plaintiff proceeded to file grievance(s) which on April ___, 2018, brought on the appearance of Defendant Brown (hereinafter "Brown") who represented himself to Plaintiff as the facility grievance supervisor/counselor and, failed/denied/refused to assist Plaintiff with his issue(s) and recommended he stop filing grievances. Plaintiff in error was denied any grievance hearing(s) and, to no avail, tried to appeal such failures/denials/refusals of the facility grievance procedure(s) to the facility warden which, Plaintiff was given no response(s) to. Plaintiff then attempted to obtain the procedure to appeal to the next level but was told by Brown to ["to fuck-

off"], which stopped this Plaintiff for exhausting his administrative remedies from that moment forward.

**35.** On approximately April 6, 2018, Plaintiff was taken and forced to undergo a C.P.L. 730 Psychiatric Evaluation by _____ where Plaintiff was informed he had successfully participated in and passed said evaluation.

**36.** On April 8, 2018, Plaintiff was denied to be taken back to the Kings County Court for the "scheduled" next appearance by Defendant Captain Holder (hereinafter "Holder") because Plaintiff in error refused to be subdued into a strip search by Defendant Jordan (hereinafter "Jordan") which is/was against his religious beliefs and practices. The above-matter was video tapped and documented, where Plaintiff was being forced to admit he was the name they were providing but, Plaintiff in error admitted that he had in fact a different name. Plaintiff was taken back to his cell with no further issues. Plaintiff's case was adjourned and rescheduled.

**37.** On or about April 10, 2018, Defendant Nelms (hereinafter "Nelms") told this Plaintiff that [h]e was the one who dumped a whole tube of toothpaste all over Plaintiff's clothing along with food seasonings as well and said "what are you going to do about it???".

**38.** After an adjournment of the May 2, 2018 court date, and an adjournment May 16, 2018 court date which was adjourned once again, and on May 30, 2018, Chun let Plaintiff speak on his own behalf but still refused to allow him his request for counsel from his tribal council. Chun than set bail at $50,000.00 bond -- $25,000.00 cash which, Plaintiff posted on June 8, 2018.

**39.** On the afternoon of May 25, 2018, Defendant Captain Pitts (hereinafter "Pitts") ordered the movement of the Plaintiff [f]rom the Brooklyn Detention Complex [t]o Rykers Island, and is where, while being escorted to the draft-out room, she and four DOC agents

10

(Defendants John Doe(s) [hereinafter "John Doe #7, #8, #9, #10"]) violently secured him by using unnecessary extremely forceful tactics.

## VII. <u>COUNT ONE: CONSPIRACY</u>

**40.** Defendant's John Doe #1, #2, #3, #4, #5, and #6, exercised deliberate indifference to Plaintiff's health and safety by **(1)** as state actors, all entered into an agreement; **(2)** to act in concert to inflict an unconstitutional injury(s) upon the Plaintiff and; **(3)** committed such overt acts in furtherance of that goal causing damage to the Plaintiff.

## <u>COUNT TWO: ILLEGAL SEARCH AND SEISURE</u>

**41.** Defendant's John Doe #1, #2, #3, #4, #5, and #6, illegally searched this Plaintiff by entering into the vehicle without Plaintiff's consent, illegally searched Plaintiff's person by putting their hands in Plaintiff's pockets and wallet.

Defendant's John Doe #1, #2, #3, #4, #5, and #6, illegally seized the Plaintiff by arresting him and locking him in the Kings County Jail, Brooklyn Detention Complex.

## <u>COUNT THREE: ILLEGAL SEIZURE</u>

**42.** Defendant Guerrero illegally seized this Plaintiff by putting Plaintiff into the New York State City Department of Correction System without any verification of an arraignment, the locked Plaintiff into a jail cell.

11

## COUNT FOUR: USE OF EXCESSIVE FORCE

**43.** Defendant Richie exercised deliberate indifference to the Plaintiff's health and safety when pushed Plaintiff's face into the wall of the elevator, squeezed the handcuffs as tight as they would go while being transported to the court room, and refused to remove the handcuffs while in/at and during the Court Room Hearing(s) while a Sui Juris Defendant, making it impossible to take any notes and/or instructions from the qusi-judicial agent at/on the bench.

**44.** Defendant Chun refused to recognize Plaintiff's fundamental right to be identified as a tribal member of tribal existence to self-government and religious belief(s) as if the tribe or tribal nation was of the several States, and as a matter of comity, and should not have exercised jurisdiction over this Plaintiff or his case which were/was/is subject to tribal nation and several States jurisdiction, until the Plaintiff had exhausted his constitutional remedies.

## COUNT FIVE: CONSPIRACY

**45.** Defendant's Chun and Dudis have claimed to be the creditor against the Plaintiff's estate and claiming to be the injured party in Plaintiff's criminal case to suggest that an agreement was made, which alleges a parallel conduct and a bare assertion of conspiracy that must not suffice.

## COUNT SIX: CONSPIRACY

**46.** Defendant Brown exercised deliberate indifference to the plaintiff's health and safety when he **(1)** as a state actor, entered into an agreement with the facility administration;

**(2)** to act in concert to inflict an unconstitutional injury upon the Plaintiff and; **(3)** committed such overt act(s) in furtherance of that goal causing damage to this Plaintiff.

## COUNT SEVEN: INVOLUTARY EXPOSURE

**47.** Defendant's Jordan and Holder (a female), refused to allow this Plaintiff to attend a scheduled court hearing because they were forcefully imposing a substantial burden on Plaintiff's religious belief(s) and exercises against being strip searched while residing at the Brooklyn Detention Complex without demonstrating that such imposition was in furtherance of some compelling interest and/or was the least restrictive means of furthering such compelling governmental interest.

## COUNT EIGHT: AN UNCONSTITUTIONAL CONDITION OF CONFINEMENT

**48.** Defendant Nelms exercised deliberate indifference to Plaintiff's health and safety when he threatened to beat Plaintiff up, destroyed Plaintiff's personal property as well as all his court papers by dumping several tubes of toothpaste "all over" said belongings. Any reasonable DOC agent would have believed that it was in fact a violation of the Plaintiff's constitutional rights to be subjected to such cruel and unusual punishment and, subjecting Plaintiff to this constant fear of such violence must shock the modern sensibilities and serve absolutely no legitimate penological purpose and, constituted brutal and wanton acts of cruelty and pose a substantial risk of serious harm to Plaintiff's future health.

## COUNT NINE: PERSONAL INVOLVEMENT OF A SUPERVISOR

**49.** Defendant Pitts exercised deliberate indifference to Plaintiff's health and safety by **(A)** directly participating in and directing the brutal/vicious vigilante gang-like assault on the Plaintiff; **(B)** created a policy or custom under which the violation occurred; **(C)** was grossly negligent in supervising subordinates who committed the violation; **(D)** was deliberately indifferent to the rights of the Plaintiff by failing to stop the savage attack on the Plaintiff even as he was screaming-out in extreme pain.

## COUNT TEN: BREACH OF DUTY TO PROTECT

**50.** Defendant Pitts exercised deliberate indifference to Plaintiff's health and safety by failing to protect him from and, intervene in, a situation where excessive force was being used by other agents when **(a)** Pitts had a realistic opportunity to intervene and prevent the harm and; **(b)** as a reasonable person in her position, she would know that the Plaintiff's (clearly established) constitutional rights were being violated.

## COUNT ELEVEN: CONSPIRACY

**51.** Defendant Pitts exercised deliberate indifference to Plaintiff's health and safety when she **(1)** as state actors, all entered into an agreement; **(2)** to act in concert to inflict an unconstitutional injury(s) upon the Plaintiff and; **(3)** committed such overt acts in furtherance of that goal causing damage to the Plaintiff.

## COUNT TWELVE: USE OF EXCESSIVE FORCE

**52.** Defendant Pitts exercised deliberate indifference to Plaintiff's health and safety when the force she used against the Plaintiff was [not] applied in a good-faith effort to maintain or restore discipline but, was maliciously and sadistically used to cause the Plaintiff harm which was repugnant to the conscience of mankind and amounting to a constitutional violation.

## COUNT THIRTEEN: BREACH OF DUTY TO PROTECT

**53.** Defendants John Doe # 7, #8, #9 and # 10 exercised deliberate indifference to Plaintiff's health and safety by failing to protect him from and, intervene in, a situation where excessive force was being used by other agents when **(a)** the John Doe(s) had a realistic opportunity to intervene and prevent the harm and; **(b)** as a reasonable person in their position, would know that the Plaintiff's (clearly established) constitutional rights were being violated.

## COUNT FOURTEEN: CONSPIRACY

**54.** Defendants John Doe # 7, #8, #9 and # 10 exercised deliberate indifference to Plaintiff's health and safety when they **(1)** as state actors, all entered into an agreement; **(2)** to act in concert to inflict an unconstitutional injury(s) upon the Plaintiff and; **(3)** committed such overt acts in furtherance of that goal causing damage to the Plaintiff.

## COUNT FIFTEEN: USE OF EXCESSIVE FORCE

**55.** Defendants John Doe # 7, #8, #9 and # 10 exercised deliberate indifference to Plaintiff's health and safety when the force they used against the Plaintiff was [not] applied in a

good-faith effort to maintain or restore discipline but, was maliciously and sadistically used to cause the Plaintiff harm which was repugnant to the conscience of mankind and amounting to a constitutional violation.

## VIII. PRAYER FOR RELIEF

**T H E R E F O R E**, as a **Sui Juris** litigant with no formal legal training, Defendant asks this Court to liberally construe his legal argument(s); however inartfull it may be plead, to make the strongest argument(s) that they suggest, and not hold it to the stringent standards then formal pleadings drafted by an attorney.

**W H E R E F O R E**, Plaintiff, in error, Sage El, d/b/a WINSTON G. HALL ESTATE, **SUI JURIS**, prays for and requests that an Order be issued declaring that the Defendants have acted in violation of the several States and the United States of America Constitution and for a judgment in his favor and damages in his favor against all Defendants in an amount sufficient to compensate him for the pain and mental anguish by them due to the deliberate indifference and intentional misconduct of Defendants individually and/or as they performed in concert with their cohort(s)

**FURTHERMORE**, Plaintiff Sage El, **SUI JURIS**, prays for and requests $1,000,000.00 as compensatory damages be awarded to Plaintiff from **[each]** individual Defendant together with his attorney's fees and costs, and for such additional relief as this Court may deem just, proper and equitable.

**FURTHERMORE**, Plaintiff, Sage El, **SUI JURIS**, prays for and requests $15,000,000.00 as punitive damages be awarded to Plaintiff from **[each]** individual Defendant.

**DATED:** **June 26, 2019**
**Dutchess County, New York**

Pursuant To 28 U.S.C. § 1746, I, Sage El, Plaintiff, **SUI JURIS**, Declare Under The Penalty Of Perjury That The Foregoing Is True And Correct To The Best Of My First Hand Knowledge And Belief.

Respectfully,

*by Sage El all rights reserved*
Sage El, d/b/a WINSTON G. HALL ESTATE
Plaintiff, **SUI JURIS**
Fishkill Correctional Facility
271 Matteawan Road
Beacon, New York 12508

Certified Mail
70183090000166812297

# AFFIRMATION OF SERVICE

Pursuant To 28 U.S.C. § 1746, I, Sage El, d/b/a WINSTON G. HALL ESTATE, Plaintiff, **SUI JURIS**, Swear Under The Penalty Of Perjury That I Have Served A Copy Of The Amended 42 U.S.C. § 1983, A Copy Of The Summons And This Affirmation Of Service Upon Clerk Of Court, Eastern District Of New York, 225 Cadman Plaza, East, Brooklyn, New York 11201 And Letitia James, State Of New York, Office Of The Attorney General, 28 Liberty Street, New York, New York 10005-1400, By Placing Then Into The Fishkill Correctional Facility Mail Box, Certified Mail, Return Receipt, On This 26th Day Of June, 2019.

**DATED:** **June 26, 2019**
**Beacon, New York**

By: *Sage El, all rights reserved*
Sage El, d/b/a WINSTON G. HALL ESTATE
Plaintiff, **SUI JURIS**
EDNY Docket No. 18-CV-2398
Fishkill Correctional Facility
271 Matteawan Road
Beacon, New York 12508

```
Certified Mail
70183090000166812297
```



C/o Sage El d/b/a Hall, Winston
C/o Fishkill Correctional Facility
271 Matteawan Road
Beacon, New York 12508
under duress & coercion

7018 3090 0001 6681 2297

ATT: Clerk of the Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RECEIVED
JUL 0 2 2019
PRO SE OFFICE

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL -2 2019 ★
BROOKLYN OFFICE

USMS

Legal Mail