UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SAGE EL, also known as Winston G. Hall,

        Plaintiff,

  -against-

JOHN DOE #1, Brooklyn South Warrant Squad, 78th Precinct; JOHN DOE #2, Brooklyn South Warrant Squad, 78th Precinct; JOHN DOE #3, Brooklyn South Warrant Squad, 78th Precinct; JOHN DOE #4, Brooklyn South Warrant Squad, 78th Precinct; JOHN DOE #5, Brooklyn South Warrant Squad, 78th Precinct; JOHN DOE #6, Brooklyn South Warrant Squad, 78th Precinct; GUERRERO, New York City Department of Correction Agent, ID # 6059; HOLDER, New York City Department of Correction Captain; JORDAN, New York City Department of Correction Agent, ID #4361; PITTS, New York City Department of Correction Captain, ID #513; JOHN DOE #7, New York City Department of Correction Agent, Brooklyn Detention Complex; JOHN DOE #8, New York City Department of Correction Agent, Brooklyn Detention Complex; JOHN DOE #9, New York City Department of Correction Agent, Brooklyn Detention Complex; JOHN DOE #10, New York City Department of Correction Agent, Brooklyn Detention Complex; NELMS, New York City Department of Correction Agent, ID #9751; DANIEL ALESSANDRINO, Chief Clerk, Kings County Supreme Court, Criminal Term; RICHIE, Kings County Supreme Court, Criminal Term, Agent, ID #4765; FRANK DUDIS, Kings County Assistant District Attorney; DANNY K. CHUN, Kings County Supreme Court, Criminal Term, Reg. # 2221513; and BROWN, Brooklyn Detention Complex Grievance Supervisor/Counselor, in their individual capacity,

        Defendants.
------------------------------------------------------------------x

MEMORANDUM AND ORDER

18-CV-2398 (ENV)(SJB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 07 2020 ★
BROOKLYN OFFICE

VITALIANO, United States District Judge:

    *Pro se* plaintiff Sage El filed this action pursuant to 42 U.S.C. § 1983 on April 13, 2018.

By Order dated April 19, 2019, the Court granted plaintiff's application to proceed *in forma pauperis*, dismissed all of the named defendants because they were immune from suit or for failure to state a claim, and gave plaintiff an opportunity to submit an amended complaint. The Court received plaintiff's Amended Complaint on July 2, 2019. For the reasons that follow, defendants Guerrero, Holder, Jordan, Alessandrino, Dudis, Chun, and Brown are dismissed. The action may proceed as to the remaining defendants.

The following factual allegations are taken from the Amended Complaint and are assumed to be true for purposes of this Order. On March 27, 2018, defendant police officers identified as John Does # 1-6 arrested plaintiff pursuant to a warrant. Dkt. No. 9 ¶ 25-30. John Doe # 2 punched plaintiff in the chest, and John Doe # 3 kicked plaintiff in the knee, dropped him to the ground, and placed a knee in plaintiff's back. *Id.* ¶ 28. John Doe # 3 placed plaintiff in handcuffs so tight that they cut off the circulation in his hands. *Id.* John Doe # 4 "failed to stop his cohorts from physically abusing the Plaintiff during such arrest." *Id.* ¶ 29. John Doe # 1, John Doe # 5, and John Doe # 6 searched the vehicle in which plaintiff had been sitting and transported plaintiff to the 67th Police Precinct. *Id.* ¶ 29. Thereafter, plaintiff was taken to the 78th Precinct and then the Brooklyn Detention Complex. *Id.* ¶ 31. Defendant Guerrero photographed plaintiff and placed him in a holding cell. *Id.*

On March 29, 2018, plaintiff was taken to Kings County Criminal Court. Defendant Richie walked plaintiff to the courtroom, squeezed the handcuffs tightly, pushed his face into the wall, and did not remove the handcuffs in the courtroom, which prevented plaintiff from taking notes. *Id.* ¶ 32, 43. Defendant Danny K. Chun, in his capacity as judicial officer, presided over the proceeding, and defendant Assistant District Attorney Frank Dudis prosecuted the case. *Id.* ¶ 33. On March 29, 2018 and in another hearing on May 16, 2018, Justice Chun refused

plaintiff's request for "counsel from his tribal council." *Id.* ¶ 33, 38.

In April 2018, plaintiff attempted to file grievances at the Brooklyn Detention Complex, but defendant Brown "failed/denied/refused to assist plaintiff with his issues(s) and recommended he stop filing grievances." *Id.* ¶ 34. Brown discouraged plaintiff from taking his grievances to the next level. *Id.* On April 8, 2018, plaintiff had a court appearance, but he refused to undergo the strip search required for transport. *Id.* ¶ 36. Defendants Holder and Jordan would not allow plaintiff to attend the court hearing without the strip search. *Id.* ¶ 36, 47. On April 10, 2018, defendant Nelms admitted that he dumped toothpaste on plaintiff's belongings and threatened to assault him. *Id.* ¶ 37, 48. On May 25, 2018, defendant Pitts ordered plaintiff's transfer from the Brooklyn Detention Complex to Rikers Island and failed to intervene when defendant John Does # 7-10 used "unnecessary extremely forceful tactics." *Id.* ¶ 39, 49-55.

Plaintiff demands $1 million in compensatory damages and $15 million in punitive damages from each defendant.

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action when it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." But, regardless of whether filed by a *pro se* plaintiff or not, a complaint must plead enough facts "'to state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff need not provide "detailed factual allegations," *Twombly*, 550 U.S. at

555, the pleading rules do demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

The Court remains mindful, though, that in reviewing a *pro se* complaint, a plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quotation marks and citation omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the district court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotations omitted).

Like the original complaint, the Amended Complaint among its cast of defendants names parties who are immune from suit. Justice Chun, who presided over plaintiff's criminal proceedings, has absolute immunity from suits for damages arising out of judicial acts performed in his judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991); *Forrester v. White*, 484 U.S. 219, 225, 108 S. Ct. 538, 543, 98 L. Ed. 2d 555 (1988). Assistant District Attorney Dudis was the prosecuting attorney, acting within the scope of his duties in pursuing a criminal prosecution, and thus he, too, is immune from suits for damages. *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005). The Court rejects plaintiff's unsupported claims that these individuals were acting outside of their jurisdiction. Accordingly, these defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Amended Complaint names Daniel Alessandrino, Chief Clerk of the Kings County Supreme Court, as a defendant, but does not assert any factual allegations against him. The Amended Complaint describes the actions of defendants Guerrero, Holder, Jordan, and Brown,

4

but none of these allegations suggests any violation of plaintiff's constitutional rights. Guerrero is alleged to have processed plaintiff upon arrival at the Brooklyn Detention Complex. Holder and Jordan had the responsibility of conducting a strip search prior to transport, but apparently abandoned that task upon plaintiff's refusal to undergo the search. Brown is alleged to have recommended against and discouraged plaintiff from pursuing additional grievances, but is not alleged to have prevented plaintiff from actually filing them. As these actions fail to rise to the level of a constitutional deprivation, these defendants are dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The remaining defendants are officers of the New York City Police Department, Kings County Criminal Court, or the New York City Department of Correction. Each is alleged to have violated plaintiff's constitutional rights by subjecting him to illegal search and seizure or using or threatening to use excessive force. These claims survive this initial scrutiny. Several of them are unnamed. To facilitate further action, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Court directs Corporation Counsel for the City of New York to attempt to identify and ascertain the full names of the John Doe officers who participated in plaintiff's arrest on March 27, 2018 and the John Doe corrections officers who transported plaintiff under the command of Captain Pitts on May 25, 2018.

For the reasons set forth above, all of the claims against defendants Guerrero, Holder, Jordan, Alessandrino, Dudis, Chun, and Brown are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). No summonses shall issue against these defendants.

Plaintiff's claims shall proceed against defendants Pitts, Nelms, Richie, and the John Doe officers. The Court directs the Clerk of Court to issue summonses against Pitts, Nelms, and Richie and directs the United States Marshals Service to serve the summonses and complaint on

5

them.   The Clerk shall send a copy of this Order and the Amended Complaint to the New York City Law Department.   Once Corporation Counsel has provided the requested information for the John Doe officers, the Clerk of Court is directed to amend the caption of the Complaint to reflect that information and to issue summonses against the officers.   The United States Marshals Service is directed to serve those defendants.   The Court refers this matter to Magistrate Judge Sanket J. Bulsara for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

                                                                                                                        s/ Eric N. Vitaliano

                                                                                                                        ERIC N. VITALIANO

                                                                                                                     United States District Judge

Dated: Brooklyn, New York

       December 26, 2019