UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
SAGE EL,

                                    Plaintiff,

                                                              **REPORT &**
                                                              **RECOMMENDATION**
            -against-                                         18-CV-2398-ENV-SJB

SERGEANT PETER LITRA, SERGEANT SHERLON
CROMWELL, DETECTIVE GARY BONAVITA,
JOHN DOE #4, JOHN DOE #5, JOHN DOE #6,
CAPTAIN PITTS, JOHN DOE #7, JOHN DOE #8,
JOHN DOE #9, JOHN DOE #10, CORRECTIONS
OFFICER NELMS, AGENT RICHIE,

                                    Defendants.
--------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

        Plaintiff Sage El, proceeding *pro se* and *in forma pauperis*, filed this civil rights

action on April 19, 2018. (Compl. dated Apr. 13, 2018 ("Compl."), Dkt. No. 1). He filed

an Amended Complaint on July 2, 2019 against 20 defendants. Over the course of the

litigation several defendants have been dismissed. The remaining defendants are

Sergeant Peter Litra, Sergeant Sherlon Cromwell, Detective Gary Bonavita, Captain

Pitts, Corrections Officer Nelms, and John Does #4–10 (collectively, "Defendants").

Sage El alleges, among other things, that several of the Defendants illegally searched his

vehicle and his person and illegally seized him, used excessive force while arresting him,

and exercised deliberate indifference to his health and safety, allegedly in violation of 42

U.S.C. § 1983. (Am. Compl. dated June 26, 2019 ("Am. Compl."), Dkt. No. 9). Since

filing the Amended Complaint, Sage El has failed to comply with a court order related to

discovery, despite receiving warnings that failure to do so may result in dismissal of his

case.  (*See* Order dated Sept. 23, 2021 ("September 23 Order"); Order dated Nov. 17, 2021 ("November 17 Order"); Order dated Jan. 20, 2022 ("January 20 Order")).  On November 12, 2021, Defendants moved to dismiss the action pursuant to Rule 37(b) or, alternatively, Rule 41(b), for Sage El's failure to comply with the September 23 Order. (Mot. dated Nov. 12, 2021 ("Mot. to Dismiss"), Dkt. No. 83).  The Court respectfully recommends an order be entered dismissing Sage El's claims with prejudice for failure to abide by the Court's discovery order.

<u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Sage El commenced this action on April 19, 2018, (Compl.), and his Amended Complaint was filed on July 2, 2019, wherein he alleged violations of 42 U.S.C. § 1983 by John Does #1–10, New York City Department of Corrections ("NYC DOC") Agent Guerrero, NYC DOC Captain Holder, NYC DOC Agent Jordan, NYC DOC Captain Pitts, NYC DOC Agent Nelms, Kings County Supreme Court Criminal Term Chief Clerk Daniel Alessandrino, Kings County Supreme Court Criminal Term Agent Richie, Kings County Assistant District Attorney Frank Dudis, Kings County Supreme Court Criminal Term Officer Danny K. Chun, and Brooklyn Detention Complex Grievance Supervisor Brown. (Am. Compl. at 1–2).[1]  On December 26, 2019, District Judge Eric N. Vitaliano dismissed Defendants Guerrero, Holder, Jordan, Alessandrino, Dudis, Chun, Brown. The Court found Sage El's claims could proceed against Defendants Pitts, Nelms, Richie, and the John Doe officers.  (Mem. and Order dated Dec. 26, 2019, Dkt. No. 10 at 5).

---

[1] On April 19, 2019, the Court granted Sage El's application to proceed *in forma pauperis*, dismissed all of the defendants named in the original complaint because they were immune from suit or for failure to state a claim, and permitted Sage El to file an amended complaint.  Mem. and Order dated Apr. 19, 2019, Dkt. No. 7 at 4–9.

Sage El alleges that on the night of March 27, 2018, after he was pulled out of his parked car and punched, kicked, and handcuffed by Litra, Cromwell, and Bonavita, Litra and John Does #5 and #6 searched his car without his consent. (Am. Compl. ¶¶ 25–30; *see also* Letter dated Feb. 28, 2019, Dkt. No. 15 at 2).[2] He was placed in an undercover van, and taken first to the 67th Precinct, then the 78th Precinct, and finally Brooklyn Detention Complex. (Am. Compl. ¶¶ 28–31). On March 29, 2018, he was taken to Kings County Supreme Court for a hearing. (*Id.* ¶¶ 32–33). Sage El alleges Agent Richie[3] walked him to the courtroom, squeezed his handcuffs tightly, pushed his face into the wall, and did not remove the handcuffs in the courtroom, preventing him from taking notes. (*Id.* ¶ 32). On April 10, 2018, Nelms allegedly admitted to dumping toothpaste on Sage El's belongings and threatening to assault him. (*Id.* ¶ 37). On May 25, 2018, Pitts ordered Sage El's transfer from the Brooklyn Detention Complex to Rikers Island and failed to intervene when Defendants John Does #7–10 used "unnecessary extremely forceful tactics." (*Id.* ¶ 39).

---

[2] Sage El alleges that he was pulled out of his car, and punched, kicked, and handcuffed by Defendants John Does # 1, #2, and #3. Am. Compl. ¶¶ 25–27. In a letter dated Feb. 28, 2019, counsel for the City of New York identified John Does #1–3 as Sergeant Peter Litra, Sergeant Sherlon Cromwell, and Detective Gary Bonavita. *See* Letter dated Feb. 28, 2019, Dkt. No. 15 at 2.

[3] In a letter dated August 25, 2021, the Office of Court Administration informed the Court that despite its efforts to identify Agent Richie through communications with the Department of Corrections, they were unable to do so. Letter dated Aug. 25, 2021, Dkt. No. 76 at 1. Agent Richie has therefore not been served.

In a letter dated October 5, 2021, the Office of Court Administration informed the Court that an Officer having ID# 4765, referenced in Sage El's Amended Complaint, had been identified as Senior Court Officer Richard Heslin, but according to the Office of Court Administration, Heslin was not working on the day specified in the Amended Complaint. Letter dated Oct. 5, 2021, Dkt. No. 81 at 1–2. Heslin has also not been served.

On January 27, 2021, the Court held a telephonic status conference from which Sage El was excused.  (Min. Entry and Order dated Jan. 28, 2021).  On March 17, 2021, Defendants submitted a Proposed Scheduling Order that indicated that the parties had conferred pursuant to Rule 26(f), and that Sage El would not be joining in Defendants' proposed Case Management Plan.  (Proposed Scheduling Order dated Mar. 17, 2021, Dkt. No. 62 at 1).  On March 18, 2021, the Court adjourned the initial conference scheduled for March 19, 2021 and ordered Sage El to submit his proposed discovery schedule by April 1, 2021.  (Order dated Mar. 18, 2021).  Sage El complied with this order.  (Letter dated Mar. 26, 2021, Dkt. No. 65).  After reviewing the parties' competing plans, the Court entered the following schedule: the deadline to amend the pleadings was set as July 6, 2021; the deadline to complete all discovery was set as November 3, 2021; and the last date to take the first step in dispositive motion practice was set as December 3, 2021.  (Scheduling Order dated April 4, 2021).

The case proceeded to discovery pursuant to this schedule.  On July 29, 2021, Defendants filed a motion to compel Sage El to produce a full and complete response to their First Set of Interrogatories and Request for Production of Documents, and a properly executed HIPAA release for Sage El's Methodist Hospital and DOC Correction Health Services ("CHS") medical records.  (Letter Mot. to Compel dated July 29, 2021 ("Mot. to Compel"), Dkt. No. 71 at 1).

Defendants provided the following detail by way of background in their motion to compel:  As to the CHS medical records, on January 21, 2021, they sent Sage El a HIPAA release form for Sage El to execute, and on February 10, 2020, Defendants received a signed copy of this form.  (*Id*.).  However, the signed release that Sage El sent provided authorization for dates that were not relevant to the present litigation.  Accordingly, on

March 18, 2021, Defendants sent Sage El another blank form for execution, which Sage El did not return. (*Id*.). As to the Methodist records, Defendants explained that on February 24, 2020; January 7, 2021; and May 14, 2021, Defendants sent Sage El HIPAA release forms for his execution, none of which were returned by him. (*Id*. at 2).

Defendants' First Set of Interrogatories and Request for Production of Documents included 19 interrogatories and 28 document requests. (Defs.' First Set of Interrogs. and Req. for Produc. of Docs. dated Mar. 17, 2021, attached as Ex. A to Mot. to Compel). The interrogatories sought information on, among other things: witnesses to the alleged incident; the officers involved; the motor vehicle used; any relevant communications with law enforcement; photographs or recordings of the incident; detail or documentation regarding injuries sustained, the healthcare providers who he saw regarding these injuries, or who he had seen in the past for pre-existing conditions; his computation of damages; past employers; any prior arrests or prior involvement in criminal or administrative proceedings; his healthcare insurance providers; and claims he has made for government benefits or other claims for insurance coverage. (*Id*. at 2–5). Defendants requested documents related to, among other things: any defense in a criminal proceeding related to the incident; statements to law enforcement; photos or recordings of the incident; documents concerning individual defendants or injuries related to the incident; medical releases for healthcare records and insurance coverage records for treatment of injuries related to the incident, certain pre-existing conditions, or from anyone who provided healthcare or coverage to Sage El in the past ten years; other documents related to economic damages alleged, insurance coverage, or government benefits received; subpoenas related to the incident; releases to obtain Sage El's criminal records; and documents relating to grievances Sage El filed. (*Id*. at 5–10).

Defendants explained that they "received plaintiff's initial disclosures, which annexed releases for plaintiff's insurance carrier records and sealed arrest records"—but that besides receiving these documents relevant to a few requests, they did not receive responses to any other demands.  (Mot. to Compel at 2).  Defendants spoke with Sage El on the phone on May 20, 2021 to explain how to properly execute HIPAA releases, but noted that at this time, Sage El expressed a "general unwillingness to comply" with Defendants' requests.  (*Id.*).  After the call, on June 2, 2021, Defendants received Sage El's initial disclosures which included an improperly executed HIPAA release—improper this time for failing to specify a health provider, and again, providing an irrelevant date range.  (*Id.*).  Defendants explained to Sage El that they would be filing a motion to compel responses to their discovery demands and to compel properly executed HIPAA releases.  (*Id.*).  Defendants mailed a copy of the motion to compel to Sage El at Fishkill Correctional Facility, which was his last known address.  (Decl. of Service dated July 29, 2021, Dkt. No. 71-2).  Sage El notified the Court of a change of his address to Edgecombe Residential Treatment Facility on August 2, 2021.  (Letter dated Aug. 2, 2021, Dkt. No. 72).

The Court granted the motion to compel, stating, "[t]he motion to compel has been outstanding for some time, awaiting a response from Plaintiff.  Despite notice, Plaintiff has not filed any response.  The motion to compel is **granted in its entirety**." (September 23 Order (emphasis added)).  The Court directed Sage El to "respond to the outstanding discovery requests and execute the HIPAA releases by **11/8/2021**" and warned that, "[s]hould he fail to do so, this case may be dismissed with prejudice for failure to comply with a Court order and a failure to comply with his discovery obligations."  (*Id.*).  The September 23 Order was mailed to Sage El at the Edgecombe

6

Residential Treatment Facility, which was his last known address, but was returned as undeliverable.  (Mail Returned as Undeliverable dated Oct. 22, 2021, Dkt. No. 82 at 1). On November 9, 2021, Sage El informed the Court of a change in his residential address to 38-59 12th Street, Long Island City, New York.  (Letter dated Nov. 9, 2021, Dkt. No. 84).

On November 12, 2021, Defendants filed the present motion to dismiss pursuant to Rule 37(b) or, alternatively, Rule 41(b).  (Mot. to Dismiss).  On November 17, the Court ordered Sage El to provide complete discovery responses and warned that the "[p]laintiff is given one final opportunity to comply with the Order dated Sept. 23, 2021, and to provide HIPAA releases and discovery responses" by January 3, 2022.  The Court further warned that "[f]ailure to do so will result in the Court issuing a recommendation to dismiss the case pursuant to Rule 37(b) and Rule 41(b) of the Federal Rules of Civil Procedure."  (November 17 Order).

On January 10, 2022, Defendants sent a letter to the Court "in light of plaintiff's continued failure to comply with the Court Orders dated September 23, 2021 and November 17, 2021" requesting that the case be dismissed pursuant to Rule 37(b) and 41(b).  (Letter dated Jan. 10, 2022, Dkt. No. 85 at 1).  The letter summarized and restated the Court's September 23 Order on the Defendants' motion to compel, restated the Court's November 17 Order giving Sage El "one final opportunity to comply" and noted that "to date, plaintiff has not provided defendants with full and complete responses to their discovery demands and/or properly executed HIPAA medical records releases."  (*Id.* at 2).  Defendants mailed a copy of this letter to Sage El's updated address in Long Island City.  (Decl. of Service dated Jan. 10, 2022, Dkt. No. 85-1 at 1–2).

On January 20, 2022, the Court *sua sponte* extended the time for Sage El to comply with the Court's September 23 Order requiring that he provide HIPAA releases and discovery responses to February 11, 2022.  (January 20 Order).  The Court warned again that "[f]ailure to do so will result in the Court issuing a recommendation to dismiss the case pursuant to Rule 37(b) and Rule 41(b) of the Federal Rules of Civil Procedure."  (*Id*.).  A copy of this order was mailed to Sage El's Long Island City address.[4]

On February 1, 2021, Defendants filed a letter on the docket explaining that they had received a properly executed HIPAA release solely for Sage El's CHS medical records, which was "buried within an utterly nonsensical 178-page document" labeled as a "Motion to be Heard."  (Letter dated Feb. 1, 2022, Dkt. No. 86 at 2).  Accordingly, the letter asked that the Defendants' motion to dismiss be granted, since Sage El still remained in defiance of the Court's motion to compel order, which directed Sage El to provide HIPAA releases not only for CHS, but also for Methodist Hospital, in addition to responses to Defendants' other discovery demands.  (*Id*. at 1–2).  The letter was served on Sage El by mail at his Long Island City address.  (Decl. of Service dated Feb. 1, 2022, Dkt. No. 86-1).

Sage El's motion for a hearing was docketed on February 11, 2022, (Mot. for Hr'g dated Dec. 27, 2021 ("Mot. for Hr'g"), Dkt. No. 87), and on April 1, 2022, he filed a letter requesting an alteration to the description of the motion on the docket.  (Letter dated Apr. 1, 2022, Dkt. No. 89).  The motion for a hearing was denied on April 18, 2022 on the basis that it was frivolous and raised meritless arguments with no basis in fact or

---

[4] Evidence of the mailing of the docket sheet is reflected on the non-public portions of the docket, viewable by court users.

8

law.  (Order dated Apr. 18, 2022).  Among the documents included in Sage El's motion for hearing, such as a manual regarding Japanese tax rules, a statement of audit procedure from the City of New York Department of Finance, the United States Constitution, and a full copy of the New York State Constitution, was the properly executed HIPAA release for his CHS medical records.  (*See* Authorization for Release of Health Information Pursuant to HIPAA dated May 17, 2021 attached as Ex. G. to Mot. for Hr'g, Dkt. No 87-2 at 1–6).  However, Sage El failed to provide a release for his Methodist Hospital records or responses to Defendants' other outstanding discovery demands.  (*See* Letter dated Feb. 1, 2022, Dkt. No. 86 at 2).

On March 24, 2022, the Court ordered Defendants to confirm by March 31, 2022 that they still had not received responses from Sage El to all of their discovery demands and that they had not received an executed medical release for his Methodist Hospital records.  (Order dated Mar. 24, 2022).  A copy of this order and the docket sheet was mailed to Sage El at his Long Island City address (his last known address) but was returned as undeliverable.  (Mail Returned as Undeliverable dated Apr. 18, 2022, Dkt. No. 91 at 1).  Defendants confirmed on March 28, 2022, that they had "still not received discovery responses from plaintiff or an executed medical release for Methodist Hospital records." (Letter dated March 28, 2022, Dkt. No. 88).  Defendants also mailed this letter to Sage El's last known address.  (Decl. of Service dated Feb. 1, 2022, Dkt. No. 88-1).  On April 1, 2022, Sage El filed a notice of change of address to 388 East 49th Street, Brooklyn, New York.  (Letter dated Apr. 1, 2022, Dkt. No. 90).  A copy of the docket sheet was mailed on April 19, 2022 to his updated address.  Sage El has yet to comply with the Court's September 23 Order.  At this point, discovery has closed with Defendants not having received responses to their initial round of discovery requests.

DISCUSSION

I.      Rule 37(b)

The Court recommends that Sage El's claims be dismissed with prejudice for failure to comply with a Court order.

"A court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant . . . for disobeying the court's orders[.]" *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002). "The imposition of sanctions . . . is a matter committed to the sound discretion of the District Court." *Neufeld v. Neufeld*, 172 F.R.D. 115, 118 (S.D.N.Y. 1997). The purpose of such sanctions, including dismissal, is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49–50 (2d Cir. 1994) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

A court may sanction a party for failing to abide by any of its orders. Fed. R. Civ. P. 16(f)(1)(C) (permitting sanctions where party "fails to obey a scheduling or other pretrial order."); *Martin v. Giordano*, 185 F. Supp. 3d 339, 354 (E.D.N.Y. 2016) ("When a party or its attorney engages in conduct proscribed by Rule 16(f), the court may issue any just orders.") (quotations omitted); *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 35 (S.D.N.Y. 2014) ("Rule 37(b)(2)(A)(ii)–(vii), which Rule 16(f) references, sets forth a non-exclusive list of sanctions a court may impose against a party for failing to comply with a court order[,]" including dismissal.). "The court need not find that a party or litigant acted in bad faith as a prerequisite to imposing sanctions under Rule 16(f); [r]ather, the fact that a party violated a pretrial order is sufficient to allow a Rule 16 sanction." *Giordano*, 185 F. Supp. 3d at 354 (quotations omitted).

The sanctions for such misconduct—whether it be a failure to appear or abide by a court order—include dismissal. *See* Fed. R. Civ. P. 16(f) (adopting the sanctions authorized by Rule 37(b)(2)(A)(v)); *see* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery."); *Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 55 (S.D.N.Y. 1997) (collecting cases) ("[T]he standards to be applied in imposing sanctions under Rule 16 are identical to the familiar standards contained in Rule 37."). Such a dismissal may be with prejudice. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants . . . have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice.") (citations and quotations omitted) (emphasis added).[5] "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Id*. (quotations omitted).

The Court considers several factors in determining whether to impose a sanction of dismissal with prejudice: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the

---

[5] *Pro se* litigants are afforded leeway when it comes to sanctions; however, "[t]he sanction of dismissal 'may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal.'" *Johnson v. New York City,* No. 14 CV 4278, 2015 WL 12999661, at *1 (E.D.N.Y. Jan. 12, 2015) (quoting *Valentine*, 29 F.3d at 49), *report and recommendation adopted*, 2015 WL 12990999, at *1 (Feb. 2, 2015), *aff'd*, 646 F. App'x 106, 108 (2d Cir. 2016); *see Agiwal*, 555 F.3d at 302 ("*Pro se* litigants, though generally entitled to special solicitude before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders.") (citations and quotations omitted).

consequences of . . . noncompliance." *Id.* (quotations omitted); *accord S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). "[T]hese factors are not exclusive, and they need not each be resolved against" the non-compliant party for dismissal to be appropriate. *Id.* Ultimately, the Court must conclude under all of the circumstances whether dismissal would be "just." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007). "[T]he district court 'is free to consider the full record in the case'" in making this determination. *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 308 F.R.D. 113, 120 (S.D.N.Y. 2015) (quoting *S. New England Tel. Co.*, 624 F.3d at 144). The balance of factors here justifies the dismissal with prejudice of Sage El's claims.

    A.  <u>Willfulness</u>

    Noncompliance is willful where the party has received notice of a court's orders and repeatedly fails to comply. *See Coach Inc. v. O'Brien*, No. 10-CV-6071, 2011 WL 6122265, at *3 (S.D.N.Y. Nov. 28, 2011) ("The Court deems the noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply."), *report and recommendation adopted and modified on other grounds*, 2012 WL 1255276, at *1 (Apr. 13, 2012). "[T]his factor as formulated by the Second Circuit is not just willfulness, but the willfulness of the non-compliant party or the reason for non-compliance. . . . [T]he Second Circuit's inclusion of the latter phrase recognizes that dismissal may be warranted even in the absence of such open defiance." *Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642, 2019 WL 360099, at *5 (E.D.N.Y. Jan. 11, 2019) (quotations omitted), *report and recommendation adopted*, 2019 WL 356939, at *1 (Jan. 29, 2019).

Here, Sage El has consistently failed to comply with the Court's order—first issued on September 23, 2021—to respond to Defendants' outstanding discovery requests and properly execute HIPAA releases. The initial deadline to comply with the order was November 8, 2021. (September 23 Order). That deadline was subsequently extended to January 3, 2022, (November 17 Order), and then to February 11, 2022. (January 20 Order). Defendants confirmed on March 28, 2022 that they had not yet received responses to the discovery requests or an executed release for records belonging to Methodist Hospital. (Letter dated March 28, 2022, Dkt. No. 88).

The failure to comply cannot be excused based on an absence of notice. Although the Court's initial order was returned as undeliverable—attributable to the fact that Sage El appears to have been transferred from one prison to another—he has received multiple copies of the subsequent orders and notices. Those orders also warned him about the consequences of a failure to comply. Specifically, he was warned that if he failed to provide discovery responses, his case "may be dismissed with prejudice for failure to comply with a Court order and a failure to comply with his discovery obligations." (September 23 Order; *see also* November 17 Order ("Failure to do so will result in the Court issuing a recommendation to dismiss the case pursuant to Rule 37(b) and Rule 41(b) of the Federal Rules of Civil Procedure."); January 20 Order (same)). Sage El received a copy of the Court's initial order, and its subsequent November 17 Order and January 20 Order, when the full docket sheet containing those orders was mailed to him on January 20, 2022. And although Sage El did not receive the docket sheet when the Court mailed its Order dated March 24 (because it appears he moved in the interim), Sage El received the Court's prior orders again shortly after April 19, 2022,

when the Court's Order dated April 18, 2022 and the full docket sheet containing the orders, was mailed to him.

As such, Sage El was aware of the obligations to comply with the Court's order, and his failure to do so is willful. *Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3193, 2018 WL 3104456, at *8 (E.D.N.Y. May 16, 2018) ("Having received these multiple notices, Rosemarie Lopa had other options besides appearing or responding as directed.  She could have written to the Court seeking an adjournment or extension of time to respond; or retained counsel, as she had previously done, to appear or respond on her behalf.  Having done none of these things and having failed to appear or respond personally, the only conclusion to be drawn is that her disregard of the Court's orders was willful."), *report and recommendation adopted*, 2018 WL 3019875, at *3 (June 18, 2018) *and* 2018 WL 3094940, at *1 (June 22, 2018); *Coach Inc.*, 2011 WL 6122265, at *3 ("The Court deems the noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply.").

B. Efficacy of Lesser Sanctions

A sanction other than dismissal would not be effective in this case.  When it is apparent a plaintiff has abandoned the action, "[t]he Court need not afford [him] unlimited opportunities to appear," and "[n]o lesser sanction than dismissal is appropriate under these circumstances." *Bey v. Gursky*, No. 17-CV-6447, 2018 WL 1611665, at *2 (E.D.N.Y. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1611377, at *1 (Apr. 3, 2018).

The record suggests no reason to believe that a lesser sanction, such as a monetary fine or a sanction short of dismissal, would encourage Sage El to comply with his discovery obligations, especially given the ongoing multi-month failure to abide by

the Court's order on the motion to compel, and notwithstanding the warning that his case could be dismissed should he fail to do so.  At this point, given the multiple opportunities afforded to Sage El to fully participate in the case, the Court has no reason to believe any sanction other than dismissal is appropriate.  *See, e.g.*, *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 369 (E.D.N.Y. 2013) (applying sanctions under Rule 37(b) given plaintiff's failure to comply with the pretrial Case Management Order, failure to respond to discovery demands or serve discovery demands, and his failure to obey the Court's order granting Defendant's motion to compel a response to discovery demands); *Masi v. Steely*, 242 F.R.D. 278, 286 (S.D.N.Y. 2007) (determining sanctions short of dismissal under Rule 37 would be inappropriate after plaintiff failed to "adequately" respond to defendant's discovery requests, and where plaintiff still provided "inadequate" and "incomplete" responses after the Court granted defendant's motion to compel).

### C.  Duration

The duration of Sage El's noncompliance warrants dismissal.  "[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions." *Loc. Union No. 40 of the Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Car-Win Constr.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) (collecting cases) (adopting report and recommendation).  "[P]eriods of six months or more weigh even more heavily toward such remedies."  *Id.* at 266 (collecting cases).

Sage El has failed to comply with the Court's order granting Defendants' motion to compel and requiring him to provide complete discovery responses by November 8, 2021.  This order was issued more than eight months ago.  (September 23 Order).  This extended period of non-compliance is sufficient to warrant dismissal.  *See, e.g.*,

*Workneh v. Super Shuttle Int'l, Inc.*, No. 15-CIV-03521, 2020 WL 3492000, at *8 (S.D.N.Y. June 8, 2020) (dismissing action under Rule 37(b) where plaintiff failed to provide an executed HIPAA authorization for "over nine months and running" despite several court orders requiring him to do so by a particular date) (collecting cases), *report and recommendation adopted*, 2020 WL 3489483, at *1 (June 26, 2020); *Mahoney*, 290 F.R.D. at 369 (dismissing case under Rule 37(b) where plaintiff failed to comply with motion to compel issued ten months prior). This delay is prejudicial to Defendants because by withholding HIPAA releases even after the Court ordered them to be produced, Sage El has "deprived [Defendants] of a material piece of evidence relevant to the legitimacy of Plaintiff's [claim] and going to the underlying merits of the case as well as Plaintiff's credibility." *Workneh*, 2020 WL 3492000, at *9; *see also Komatsu v. City of New York*, No. 20-CV-10942, 2022 WL 1446545, at *12 (S.D.N.Y. Apr. 21, 2022) (dismissing claim under Rule 37 where plaintiff failed to comply with a Court order granting a motion to compel and requiring plaintiff to provide executed HIPAA releases from St. Barnabas Hospital where he received treatment for injuries sustained during the arrest at issue), *report and recommendation adopted*, 2022 WL 2188170, at *3 (S.D.N.Y. June 17, 2022). And as Defendants pointed out in their motion to compel—which the Court granted in full—without discovery responses on potential witnesses, relevant testimony, or other documents relevant to the underlying incident, and in particular, without properly granting access to medical information—access that only Sage El can provide—it is simply not possible for Defendants to adequately prepare a defense. (*See* Mot. to Compel at 3).

D. <u>Notice</u>

Sage El has received sufficient notice to justify dismissal of his claims. "[T]he Second Circuit has repeatedly upheld dismissal as an appropriate sanction where the non-compliant parties were warned of the possibility." *Loc. Union No. 40*, 88 F. Supp. 3d at 266 (quotations omitted). Sage El was warned three times that failure to comply with the order on the motion to compel may result in dismissal of his claims. (*See* September 23 Order ("Should he fail to do so, this case may be dismissed with prejudice for failure to comply with a Court order and a failure to comply with his discovery obligations.")); November 17 Order ("Plaintiff is given one final opportunity to comply with the Order dated Sept. 23, 2021. . . . Failure to do so will result in the Court issuing a recommendation to dismiss the case pursuant to Rule 37(b) and Rule 41(b) of the Federal Rules of Civil Procedure."); January 20 Order ("Failure to do so will result in the Court issuing a recommendation to dismiss the case pursuant to Rule 37(b) and Rule 41(b) of the Federal Rules of Civil Procedure.")). Sage El received the warnings contained in the Court's September 23 Order, November 17 Order, and January 20 Order when the Court's January 20 Order and the full docket sheet were mailed to him. And he was reminded of the warnings again when the Court's April 18 order denying Sage El's motion for a hearing was mailed to him along with the full docket sheet on April 19, 2022.

In light of Sage El's failure to comply with repeated orders over the course of eight months, wherein warnings regarding failure to comply were sent to Sage El's last known addresses, the notice provided to Sage El is sufficient to permit dismissal. *See, e.g.*, *Booker v. Suffolk Cnty. Corr. Facility*, No. 14-CV-5204, 2020 WL 1821903, at *8 (E.D.N.Y. Feb. 13, 2020), *report and recommendation adopted*, 2020 WL 1821348, at

*1 (Apr. 10, 2020) (finding plaintiff was on sufficient notice and dismissing the case even where certain warnings were undelivered given plaintiff's obligation to keep the Court informed of his whereabouts).

All four factors discussed above, therefore, warrant dismissal with prejudice of Sage El's claims, pursuant to Rule 37(b).[6]

CONCLUSION

For the reasons stated above, the Court respectfully recommends that Sage El's claims be dismissed with prejudice for failure to abide by a Court order.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty*., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision.") (quotations omitted).

Defendants shall serve a copy of this Report and Recommendation on Sage El at his last known address, and via any other electronic contact information known to them, and file proof of such service in the record by **August 8, 2022**.

SO ORDERED.

---

[6] Defendants moved, in the alternative, for dismissal under Rule 41(b) for failure to prosecute.  Mot. to Dismiss at 2–3.  Because the Court recommends dismissal with prejudice as a discovery sanction pursuant to Rule 37, it does not reach the question of whether to dismiss under Rule 41 for failure to prosecute.

_/s/ Sanket J. Bulsara_  August 1, 2022
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York