```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SAGE EL,                                                     :
                                                             :
                               Plaintiff,                    :
                                                             :       MEMORANDUM & ORDER
             -against-                                       :
                                                             :       18-cv-2398-ENV-SJB
                                                             :
                                                             :
                                                             :
SERGEANT PETER LITRA, SERGEANT                               :
SHERLON CROMWELL, DETECTIVE GARY                             :
BONAVITA, JOHN DOE #4, JOHN DOE #5, JOHN                     :
DOE #6, CAPTAIN PITTS, JOHN DOE #7, JOHN                     :
DOE #8, JOHN DOE #9, JOHN DOE #10,                           :
CORRECTIONS OFFICER NELMS, AGENT                             :
RICHIE,                                                      :
                                                             :
                                                             :
                               Defendants.                   :
                                                             :
------------------------------------------------------------ x
```

VITALIANO, D.J.

On April 19, 2018, plaintiff Sage El, proceeding *pro se*, filed the instant action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that he was subject to an unlawful search of his vehicle and person, unlawful seizure, excessive force during arrest, and deliberate indifference to his health and safety.[1] *See* Am. Compl., Dkt. 9. During the course of discovery, and despite receiving multiple warnings that failure to do so may result in dismissal of his case, plaintiff failed to obey a court order requiring he comply with outstanding discovery requests and execute certain HIPAA releases. *See* 9/23/2021 Order; 11/17/2021 Order; 1/20/22 Order. On November 12, 2021, in light

---

[1] Plaintiff's amended complaint named twenty defendants, several of whom have since been dismissed. *See* Order, Dkt. 10.

1

of plaintiff's failure to abide by the order, defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 37(b) and 41(b).  *See* Mot. to Dismiss, Dkt. 83.

On August 1, 2022, Magistrate Judge Sanket J. Bulsara issued a Report and Recommendation ("R&R") recommending that defendants' motion to dismiss be granted.  *See* R&R, Dkt. 92.  On August 23, 2022, El filed untimely objections to the R&R, seeking rejection of the R&R in its entirety on various grounds, as well as requesting additional relief from this Court.  *See* Pl.'s Objs., Dkt. 95.  For the following reasons, the R&R is adopted in its entirety as the opinion of the Court and the other relief requested by plaintiff is denied.

## Background

The facts underlying plaintiff's complaint are recounted in detail in Magistrate Judge Bulsara's R&R.  *See* R&R at 2–9.  Recapitulated as relevant here, defendants moved, in accordance with the discovery schedule set by Magistrate Judge Bulsara, to compel production of documents sought in their First Set of Interrogatories[2] and Request for Production of Documents, as well as properly executed HIPAA releases.  *Id.* at 4.  Although El provided initial disclosures which annexed releases for his insurance carrier records and sealed arrest records, he did not respond to any of defendants' other demands.  *Id.* at 6.

On September 23, 2021, in response to the shortcomings of plaintiff's production, Magistrate Judge Bulsara ordered plaintiff to comply with the outstanding discovery requests by November 8, 2021, and warned that "[s]hould he fail to do so, this case may be dismissed with prejudice for failure to comply with a Court order and a failure to comply with his discovery obligations."  *See* R&R at 6; 9/23/21 Order.  In the face of plaintiff's continued noncompliance,

---

[2] The various information sought in defendants' interrogatories is detailed in Magistrate Judge Bulsara's R&R.  *See* R&R at 5.

2

Magistrate Judge Bulsara extended that deadline, first to January 3, 2022, *see* 11/17/21 Order, and then again to February 11, 2022, *see* 1/20/22 Order. Despite El's filing a motion for a hearing on April 1, 2022, *see* Dkt. 89, he still failed to comply with the Court's order.

By the time the scheduled discovery period closed, plaintiff still had not responded to defendants' initial round of discovery requests. Defendants accordingly moved to dismiss the complaint with prejudice pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure. *See* Mot to Dismiss at 1. In his R&R, Magistrate Judge Bulsara recommended this Court grant defendants' motion with prejudice. *See* R&R at 10. On August 23, 2022, eight days after the deadline to do so, El filed an objection to the R&R, requesting dismissal of the R&R for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim. *See* Pl.'s Objs. at 2. He additionally asks the Court to conduct a *Curcio* hearing, remove his name from government databases, "ship" case funds to him, produce government paperwork, and enter default judgment in his favor. *Id.* at 2–4.

## Legal Standard

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where no party has objected to a magistrate judge's report and recommendation, clear error review applies. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Com. Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). However, where a timely objection is made to any of the magistrate judge's findings or recommendations, the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

While a *pro se* litigant's failure to timely object to a magistrate judge's report and recommendation on a dispositive matter operates as waiver of appellate review so long as the magistrate judge provided express notice of the consequence of failure to timely object, *see Caidor v. Onondaga Cnty.*, 517 F.3d 601, 602–03 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)), the reviewing district judge may consider an untimely objection in deference to a litigant's *pro se* status. *See Mtshali v. N.Y.C. College of Tech.*, No. 05-cv-358 (PAC) (HBP), 2008 WL 4755681, at *1 (S.D.N.Y. Oct. 27, 2008).

Objections by *pro se* litigants "are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest'"; however, such objections must still "'be specific and clearly aimed at particular findings in the magistrate judge's R&R, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.'" *See Howell v. Port Chester Police Station*, No. 09-cv-1651 (CS) (LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (first quoting *Milano v. Astrue*, No. 05-cv-6527 (KMW) (DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008); and then quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-cv-5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)). Put simply, generalized, conclusory, or irrelevant objections that fail to raise new concerns are insufficient, even when filed by *pro se* litigants, and are therefore reviewed for clear error. *See, e.g.*, *Hazen v. Perlman*, No. 05-cv-1262 (NAM) (RFT), 2008 WL 4186329, at *10 (N.D.N.Y Sept. 9, 2008).

<u>Discussion</u>

I.  <u>El's Objections</u>

None of El's objections—whether aimed at alleged jurisdictional defects or additional requests for relief from the Court—warrants rejection of Magistrate Judge Bulsara's report and recommendation. As an initial matter, an objecting plaintiff may not raise new claims or legal

4

arguments not presented to the magistrate judge. *See Lanier v. Capra*, No. 21-cv-09307 (ALC), 2023 WL 6795441, at *3 (S.D.N.Y. Oct. 13, 2023). This principle alone commands dismissal of plaintiff's objections in their entirety. But even were the Court to consider the objections substantively, in deference to plaintiff's *pro se* status, they would fail.

First, with respect to El's request that the R&R be dismissed for lack of personal jurisdiction, *see* Pl.'s Objs. at 2, El, having initiated the instant action in this Court, may not later object to the Court's exercise of personal jurisdiction over him. Fed. R. Civ. Pro. 12(h)(1)(B)(i). Second, El's request that the R&R be dismissed for lack of subject matter jurisdiction likewise fails, as plaintiff asserts claims pursuant to § 1983, which fall within the heartland of this Court's federal question jurisdiction. *See* 28 U.S.C. § 1331; *see also Ford v. Reynolds*, 316 F.3d 351, 352 (2d Cir. 2003). Third, plaintiff's request that this Court "dismiss" the R&R for failure to state a claim is procedurally improper, as the R&R asserts no "claim for relief" against plaintiff. *See* Fed. R. Civ. Pro. 12(b)(6).

The remainder of El's objections, aimed at seeking various additional relief from this Court, fare no better. These objections in no way address Magistrate Judge Bulsara's R&R and, for that reason, offer no support for its rejection. *See Lanier*, 2023 WL 6795441, at *3. In any event, El's request that this Court conduct a *Curcio* hearing—a hearing conducted in a criminal case to determine whether a defendant's waiver of his right to conflict-free counsel is knowing and intelligent—*see* Pl.'s Objs. at 3, is improper in a civil case. *See United States v. Perez*, 325 F.3d 115, 119 (2d Cir. 2003). El additionally requests that this Court remove his name from any and all government databases indicating bad credit, remove any liens under his name, and send directly to him all funds from various cases in which he has been involved. *See* Pl.'s Objs. at 3–4. Unsurprisingly, El points to no support for this Court's authority to grant such relief, nor is the

Court aware of any such authority. As to El's requests that this Court produce copies of each defendant's W-9 federal tax forms, as well as copies of the Oath of Office, Oath of Ethics, and Bond Number for all officials, employees, and judges assigned to this case, *see id.*, even should the Court have authority to grant such requests, they are improperly raised on objection to a R&R. *Lanier*, 2023 WL 6795441, at *3. Finally, El demands an immediate entry of default judgment in his favor, an objection that—like his others—is both improper in this posture and fails to address the substance of Magistrate Judge Bulsara's R&R. Accordingly, and assuming solely for purposes of this Order that they are properly lodged as objections, El's so-called objections are dismissed.

II.     Review of the R&R for Clear Error

Having thoroughly reviewed Magistrate Judge Bulsara's report and recommendation, the Court finds it to be correct, well-reasoned, and free of any clear error. In particular, Magistrate Judge Bulsara, after weighing the relevant factors pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2), recommended dismissal with prejudice as an appropriate sanction for El's continued failure to comply with repeated Court orders despite receiving notice of such orders and a warning regarding the consequences of noncompliance. R&R at 10–18.

Conclusion

In line with the foregoing, plaintiff's objections are dismissed, and the Court adopts Magistrate Judge Bulsara's R&R in its entirety as the opinion of the Court. Defendants' motion to dismiss for failure to comply with a court order is granted, and plaintiff's claims are dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly, mail a copy of this Memorandum & Order to plaintiff and to note the date of the mailing on the docket, and close this case.

So Ordered.

Dated: Brooklyn, New York
       March 29, 2024

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge